NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-808

ALGIEONNE STAGG, ET AL.

VERSUS

HUEY SEGURA, JR., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20200003
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Van H. Kyzar, Judges.

AFFIRMED.

Marcus A. Allen, Sr.
1728 West University Avenue
Lafayette, LA 70506
(337) 289-1762
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Algieonne Stagg
    Kenneth Mekonen

Robert H. Cooper
2426 Jefferson Street
Mandeville, LA 70448
(985) 674-9808
COUNSEL FOR DEFENDANT/APPELLEE:
    Huey Segura, Jr.

Patrick M. Wartelle
Leake & Andersson, LLP
600 Jefferson Street, Suite 603
Lafayette, LA 70502
(337) 233-7430
COUNSEL FOR DEFENDANTS/APPELLEES:
    Alexander Gomez
    Trillion, LLC

Edward T. Hayes
Leake & Andersson, LLP
1100 Poydras Street, 1700 Energy Center
New Orleans, LA 70163-1706
(504) 585-7500
COUNSEL FOR DEFENDANTS/APPELLEES:
    Alexander Gomez
    Trillion, LLC

**KYZAR, Judge.**

Plaintiffs appeal the granting of a motion for summary judgment in this suit for damages for breach of contract, breach of fiduciary duty, and for fraud and ill practices rendered in favor of Defendants, dismissing Plaintiffs' demands, with prejudice. For the reasons assigned herein, we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs, Algieonne Stagg and Kenneth Mekonen, individually and as members of HKA Hydrofuel, LLC (HKA), filed the instant suit for damages for breach of contract, breach of fiduciary duty, and for fraud and ill practices against Huey Segura, Jr., individually, and as Managing Member and Agent of HKA, and a member of Trillion, LLC (Trillion); Alexander "Alex" Gomez, individually and as Managing Member and CEO of Trillion, and as a Managing Member of HKA; and against Trillion. Plaintiffs then filed a first amending and supplemental petition after Defendants Gomez and Trillion filed exceptions of no right of action and no cause of action. The petition added a new defendant, listed as HKA, LLC.[1]

According to the allegations of the petition, Mr. Mekonen is the inventor of a patented alternative fuel product known as Hydrosol. Plaintiffs allege that in 2012, Mr. Stagg entered into a preliminary agreement with Mr. Mekonen to "take possession and control" of the Hydrosol product in an attempt to get the product financed and ultimately out in the marketplace for commercial usage. After these efforts proved unsuccessful, however, Plaintiffs allege that they then explored a potential business relationship with Mr. Segura, which ended up breaking down during negotiations and did not come to fruition. Plaintiffs next approached Mr. Gomez about the Hydrosol product. These initial negotiations were also fruitless.

---

[1] Plaintiffs apparently misnamed the intended additional defendant as HKA, LLC rather than HKA Hydrofuel, LLC.

On January 13, 2017, Plaintiffs and Mr. Segura formed HKA, with the original agreement providing Mr. Segura with a 34% ownership interest, and each of the Plaintiffs a 33% ownership interest, in HKA. As part of an amended agreement, Mr. Mekonen transferred ownership of the Hydrosol patents to HKA. Plaintiffs' petition alleges that Mr. Segura "fraudulently and intentionally" structured the terms of the operating agreement in order to deprive Mr. Mekonen of his full ownership in the patents.

According to the Petition, after the formation of HKA, Plaintiffs and Mr. Segura re-approached Mr. Gomez about a new deal, in which HKA would enter into an agreement with Trillion to distribute the Hydrosol product. Plaintiffs allege that Mr. Segura "failed to fully inform and explain to [Plaintiffs] . . . that he had made an agreement with [Mr. Gomez] to become a Thirty percent (30%) equity partner in [Trillion]."

As part of the same transaction, Plaintiffs allege that the original legal documents and operating agreement for HKA was amended so as to bring in and include Mr. Gomez as a Managing Member of HKA, and thus reduce the equity interest of Plaintiffs. Plaintiffs assert that amendments "finally make [Mr. Gomez] a 'partial owner' of the patents that were fraudulently taken from [Mr. Mekonen]."

Plaintiffs further contend that the Amended Operating agreement for HKA provides that Mr. Mekonen will receive an advance of $2.5 million dollars but that this payment has never materialized and Mr. Mckonen "has never received any payment of the money in accordance with the terms of the contract[.]" Plaintiffs assert that Mr. Gomez and Mr. Segura, "as Managing Members of HKA, LLC has[sic] failed to have any meetings of the Members . . . [and] failed to inform [Plaintiffs of] any of the Operations and business dealings of HKA, LLC and Trillion, LLC."

2

Defendants, Mr. Gomez, Mr. Segura, and Trillion, filed an answer, including general denials and affirmative defenses, as well as a reconventional demand for damages for breach of contract and tortious interference with contract. These parties also filed therewith a Petition for Declaratory Judgment as to the "validity of, and their right to specific performance of, the HKA Hydrofuel, LLC First Amended Operating Agreement (Exhibit A) and the HKA-Trillion Licensing and Distribution Agreement (Exhibit B)" and "declaring that the HKA Hydrofuel, LLC First Amended Operating Agreement and the HKA-Trillion Licensing and Distribution Agreement are valid and in full force and effect by and between the parties to those Agreements."

HKA filed an exception of no cause of action, which was granted by the trial court in open court, dismissing HKA from the suit, without prejudice, on December 7, 2020. Formal judgment was signed June 23, 2021.

Defendants then filed a motion for summary judgment. Therein, they assert that there are valid binding agreements between the parties, that there was no fraud, that fraud was not specifically pleaded as per the requirements of La.Code Civ.P. arts. 856 and 1005, and that Plaintiffs cannot carry their burden of proof of the invalidity of the contracts, vices of consent, or breach thereof.

On July 26, 2021, Defendants' motion for summary judgment was heard. Pursuant to oral reasons for judgment, the trial court granted the motions. Formal judgment was signed August 13, 2021, dismissing Plaintiffs' demands against Defendants with prejudice. This appeal followed, wherein Plaintiffs assign error, as follows:

> 1) The trial court erred in granting the Defendants/Appellees', Huey Segura, Jr. (individually and As a Member of HKA Hydrofuel, LLC

3

and Member of Trillion, LLC), HKA Hydrofuel, LLC,[2] Alexander "Alex" Gomez, (individually and As a Member of Trillion, LLC), and Trillion, LLC, Motion for Summary Judgment in concluding that no "genuine issue of material fact" existed in its determination of whether Plaintiff/Appellant, Kenneth Mekonen, had the required "mental capacity" at the time he executed the 2017 Amended Operating Agreement, and that the Plaintiffs/Appellants failed to prove the Plaintiff/Appellant's lack of "capacity" by "clear and convincing" evidence during their opposition to the motion for summary judgment arguments and presentation, which isn't the standard of proof, during a motion for summary judgment hearing.

2) The trial court erred in failing to determine that a "genuine issue of material fact" existed as to whether or not Plaintiff/Appellant, Kenneth Mekonen, did or did not actually signed [sic] the Notarized contract along with the other Members of the LLC, in front of the "Louisiana Notary" as attested to by the Notary's signature and seal affixed on the document, that attests to the fact that all of the signatures on the notarized document were done in her presence, although arguments, admissions and evidence, presented showed that the Plaintiff/Appellant, Kenneth Mekonen, was not present, yet his alleged signature is on the document and notarized as if he executed the document in front of the notary.

3.) The trial court erred in failing to determine that a "genuine issue of material fact" existed when looking at whether Plaintiff/Appellant, Kenneth Mekonen, was or was not due the 2.5 million dollar advance, in accordance to the terms of the contract, once he was "coaxed" and "lied to" regarding the need to provide the "ingredients/contents" of the formula, as well as the "recipe and mixing instructions" to the Defendants/Appellees, prior to the Defendants/Appellees making their advance payments to Plaintiff/Appellant, Kenneth Mekonen as the contract stated would occur.

## DISCUSSION

Summary judgment is a procedural device used when there is no genuine issue of material fact. *Murphy v. Savannah*, 18-991 (La. 5/8/19), 282 So.3d 1034; La.Code Civ.P. art. 966(A). Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be granted if the motion, memorandum, and

---

[2] HKA was dismissed from the suit without prejudice on a separate motion and, as such, is not a party to this appeal.

4

supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

Appellate courts review summary judgment de novo "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate[,]" i.e., "whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Wright v. La. Power & Light*, 06-1181, p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; La.Code Civ.P. art. 966(A)(3).

In this case, Defendants filed the motion for summary judgment. Essentially, they assert by their motion the existence of a valid contract binding the parties, including Plaintiffs. They assert there was no breach of contract and no fraud alleged. On the other hand, Plaintiffs argue that based on the evidence presented there are issues of material fact remaining as to whether Mr. Mekenon had the mental capacity to execute the agreements at issue, whether he actually signed the agreements at issue, and whether the First Amended Operating Agreement was breached for failure of Defendants to pay Mr. Mekonen the amount of two million five hundred thousand dollars ($2,500,000) as set forth therein.

In support of the motion for summary judgment, Defendants attached the following as exhibits: (1) First Amended Operating Agreement of HKA; (2) Licensing and Distribution Agreement between HKA and Trillion; (3) Affidavit of

5

Mr. Gomez; (4) Affidavit of Mr. Segura; and (5) Transcript of the video deposition of Mr. Mekonen.

The First Amended Operating Agreement was introduced as an exhibit and is shown to be effective April 21, 2017. It was purportedly signed by the parties, other than Plaintiff Kenneth Mekenon, and was notarized the same date by Patricia Delahoussaye, Notary Public for the State of Louisiana. It is also shown to have been signed by Mr. Mekonen before Freedom Martinez, Notary Public, in Bexar County, Texas.

The Licensing and Distribution Agreement between HKA and Trillion was introduced as an exhibit and bears the signatures of Mr. Segura as Member of Trillion, and Mr. Gomez, as Member/Manager of Trillion. It is signed for HKA by Mr. Segura, Mr. Gomez, Mr. Stagg, and Mr. Mekonen. It is notarized by Patricia Delahoussaye on April 21, 2017. Mr. Mekonen's signature again appears to be notarized by Freedom Martinez in Bexar County, Texas, the same day.

The affidavit of Defendant Mr. Gomez states, in part, as follows:

1.) That he is a person of the full age of majority, competent to execute this affidavit, and competent to execute the documents (Exhibits 1 and 2) more fully described below;

2.) That he has reviewed the "FIRST AMENDED OPERATING AGREEMENT OF HKA HYDROFUEL, LLC" (attached hereto as Exhibit 1) and attests that he personally affixed his initials to each page of that document to confirm that he had read and understood those terms;

3.) That he affixed his signature twice on page 19 of Exhibit 1, once as a "Manager" of HKA Hydrofuel, LLC and again as a "Member" of HKA Hydrofuel, LLC;

4.) That he has also reviewed the "LICENSING AND OPERATING AGREEMENT" (attached hereto as Exhibit 2) between HKA Hydrofuel, LLC and Trillion LLC, and attests that he personally affixed his initials to each page of that document to confirm that he had read and understood them;

6

5.) That he affixed his signature twice on page 17 of Exhibit 2, once as a "Member/Manager" of HKA Hydrofuel, LLC and again as a "Member/Manager" of Trillion, LLC;

6.) That all these actions were done in the presence of Patricia Delahoussaye, a registered Notary Public who notarized both documents in his presence, as indicated by her notarial declaration shown on pages 19 and 17, respectively, of Exhibits 1 and 2;

7.) That he personally observed Huey Segura, Jr. and Algieonne Stagg, in the presence of Notary Public Delahoussaye, initial each page of Exhibits 1 and 2, and affix their signatures on pages 19 and 17 of those documents;

8.) That he was not intoxicated, impaired, or coerced during the afore - described actions and did not observe any indication that either Mr. Segura or Mr. Stagg were intoxicated, impaired, or coerced during their actions;

9.) That the documents affixed hereto as Exhibits 1 and 2 represent the full agreements between the parties thereto and have been neither modified nor amended since they were executed on the dates indicated thereon;

10.) Despite our best efforts we have not been able to generate any significant revenue. One of the reasons why we have not been able to generate any significant revenue is the existence of this suit and the reluctance by potential sources of funds to invest in the product at issue. There is no Distributable Cash and never has been, much less $2.5 million;

11.) That he has read each statement listed above and swears to its accuracy and completeness.

The affidavit of Mr. Segura made many of the same attestations as that of Mr. Gomez. He likewise attests to the correctness of the First Amended Operating Agreement and the Licensing and Operating Agreement, and that he signed the same before Patricia Delahoussaye, a registered Notary Public, who notarized both documents in his presence, as indicated by her notarial declaration shown in the exhibits. Mr. Segura attests to the fact that he personally observed Alexander Gomez and Algieonne Stagg, in the presence of Notary Public Delahoussaye, initial each page of Exhibits 1 and 2, and affix their signatures on pages 19 and 17 of those documents.

7

The transcript of the video deposition of Mr. Mekonen was also introduced. There Mr. Mekonen states that he recognizes his signature on the Licensing Agreement. He also states that he recognizes his signature on the First Amended Operating Agreement, which also includes the signature of the notary, Freedom Martinez. Mr. Mekonen states he was taken to Mr. Martinez by Mr. Stagg. When asked if he was competent to sign the documents in 2017 referred to in the deposition, Mr. Mekonen answered "Yes." While Plaintiffs note that the deposition testimony of Mr. Mekenon also states that he was 84 years old, that he was in desperate need of money as his wife was severely ill, and that he hastily signed the agreements for that reason, this does not support Plaintiffs argument that any genuine issue of fact exists as to his competency to execute any of the agreements in light of his own admission that he was in fact competent. Further, Plaintiffs' argument that the trial court stated that Plaintiffs did not come forward with "clear and convincing evidence" that Mr. Mekenon was not competent in order to defeat the motion is moot as we review the issue *de novo*, and thus any misstatement of the burden at the trial court level is immaterial to our review here.

In addition, Mr. Mekonen alleges that the First Amended Operating Agreement was breached, as he was not paid all or any part of a $2,500,000 payment to which he was entitled. However, Defendants point to the language of that agreement, introduced as an exhibit, which pertains to this payment obligation.

> In recognition of the Value of his contributions to the company, as soon as the total gross revenue of the company exceeds five million dollars ($5,000,000) the Company shall, advance Kenneth Mekonen a sum of two million five hundred thousand dollars ($2,500,000), provided, however, that such advance shall not be due until the Company accrues at least two million five hundred thousand dollars ($2,500,000) of Distributable Cash.

The affidavit of Mr. Gomez addresses Plaintiffs' allegation and states the following: "Despite our best efforts we have not been able to generate any

8

significant revenue. One of the reasons why we have not been able to generate any significant revenue is the existence of this suit and the reluctance by potential sources of funds to invest in the product at issue. There is no Distributable Cash and never has been, much less $2.5 million[.]"

Based upon the showing made by Defendants, we find that they did point out the absence of support for one or more of Plaintiffs' claims in their petition, and thus, the burden shifted to Plaintiffs to establish that there were material issues of fact in dispute or that Defendants were not entitled to judgment as a matter of law. La.Code Civ.P. art 966(D)(1).

Attached to Mr. Mekonen's opposition to the motion for summary judgement were the following exhibits: (A) Transcript of video deposition of Mr. Mekonen; (B-1 to B-4) Emails between Mr. Segura and Mr. Mekonen; (C) Email of Dec. 19, 2016, between Mr. Segura and Mr. Mekonen; and (D) Email of Dec. 28, 2016, between Mr. Segura and Mr. Mekonen.

Defendants filed a reply memorandum opposing Plaintiffs' Opposition, and objecting to all exhibits as having been filed untimely, and, alternatively, objecting to Exhibits B-1 through B-4, C, and D as not being authorized by La.Code Civ.P. art 966. They assert that Plaintiffs fax-filed only their opposition memorandum on a timely basis, at approximately 10:43 p.m. on the evening of July 12, 2021, one hour seventeen minutes before the time delay for the filing of an opposition expired. However, Plaintiffs did not include or separately fax file any of the exhibits at that time. Pursuant to La.R.S. 13:850, Plaintiffs had the obligation to fax file the entire document, including any attached exhibits and to follow up with the filing of the original documents within seven days of the filing of the facsimile. "A document not identical to the facsimile filing or which includes pages not included in the

9

facsimile filing shall not be considered the original document." La.R.S. 13:850(B)(1).

Louisiana Code of Civil Procedure Article 966(B)(2) mandates that "[a]ny opposition to the motion and all documents in support of the opposition shall be filed . . . not less than fifteen days prior to the hearing on the motion." The hearing on Defendants' motion for summary judgment was set for July 26, 2021. Thus, the deadline to file an opposition was July 11, 2021. Because July 11 was a Sunday in 2021, Plaintiffs had until Monday, July 12, to file their opposition and the exhibits. Defendants chose to fax file only their opposition memorandum on that date. The exhibits were not filed until the next day, July 13, and, as such, Defendants assert that they were untimely and therefore inadmissible. We agree.

"The time limitation established by [La.Code Civ.P.] art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court." *Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So.2d 536. Accordingly, we find Plaintiffs do not have admissible evidence to support their position that any material facts are disputed or to establish that Defendants are not entitled to judgment as a matter of law.

The opposition exhibits were clearly not timely filed. The deadline for filing opposition evidence expired prior to Defendants' filings on July 13. Further, many of the intended exhibits were not authorized as such by La.Code Civ.P. art. 966. These include Mr. Mekonen's exhibits B-1 through B-4, C, and D. Plaintiffs then attempted to rely on the affidavits of Mr. Segura and Mr. Gomez to attempt to show the existence of a material fact in dispute, and they failed to establish such. The contracts in question are in authentic form. The evidence submitted by Defendants, including the deposition testimony of Mr. Mekonen himself, establishes that he

10

signed the document, was competent at the time of signing, and did so before a notary public.

Plaintiffs failed to offer any proof whatsoever that the contract was breached, that there was any breach of fiduciary duty, or fraud. "A party opposing a motion for summary judgment cannot rely on the bare allegations of their pleadings but must respond by affidavits detailing facts that show the existence of a genuine issue." *Perkins v. Gregory Mfg. Co.*, 95-1396, pp. 3-4 (La.App. 3 Cir. 3/20/96), 671 So.2d 1036, 1038, *writ denied*, 96-971 (La. 5/31/96), 673 So.2d 1039. Here, Plaintiffs failed to do so. Accordingly, we affirm the granting of the motion for summary judgment, dismissing the demands of Plaintiffs as to Mr. Segura, Mr. Gomez, and Trillion, LLC.

## DECREE

The judgement of the trial court granting the motion for summary judgment in favor of Defendants Huey Segura, Jr., Alexander Gomez, and Trillion, LLC. is affirmed, dismissing the demands of the Plaintiffs Kenneth Mekonen and Algieonne Stagg, with prejudice, at their costs.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.